UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  CR-20-113-G |
| ) | |
| JIMMY LEE BROOKS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion in Limine (Doc. No. 110) filed by Defendant Jimmy Lee Brooks.  Plaintiff United States of America has filed no response.

On October 2, 2020, the Government filed a Rule 404(b) Notice (Doc. No. 34) stating that it intends to introduce evidence at trial of several prior criminal convictions of Defendant.  *See* Gov't's Notice at 1-8; Fed. R. Evid. 404(b).  In his Motion in Limine, Defendant argues that this evidence is not properly admissible under Federal Rule of Evidence 404(b)(2), lacks relevance under Rule 401, and has probative value that is substantially outweighed by a danger of unfair prejudice under Rule 403.  *See* Def.'s Mot. in Limine at 1-9; Fed. R. Evid. 401, 403, 404(b).  Defendant further states that he will stipulate "that prior to March 18, 2020, he had been convicted of a felony . . . and he had knowledge of that conviction."  Def.'s Mot. in Limine at 3 (citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019); *Old Chief v. United States*, 519 U.S. 172 (1997)); *see also United States v. Benton*, 988 F.3d 1231, 1232 (10th Cir. 2021).

2

The Government having presented no objection to Defendant's requested relief, the Motion in Limine (Doc. No. 110) is GRANTED. The Government shall not seek to introduce at trial the evidence of Defendant's prior convictions identified in its Rule 404(b) Notice.

IT IS SO ORDERED this 26th day of April, 2021.

*[signature]*
CHARLES B. GOODWIN
United States District Judge