## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  CR-20-113-G** |
| | ) | |
| **JIMMY LEE BROOKS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Now before the Court is a Motion in Limine Regarding Video Surveillance Images (Doc. No. 112) filed by Defendant Jimmy Lee Brooks.  Plaintiff United States of America has responded (Doc. No. 142).

### I.    *Defendant's Motion*

Defendant has been charged in a three-count Superseding Indictment with: (1) possession of ammunition despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about March 18, 2020; (2) possession of a firearm despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about March 18, 2020; and (3) witness tampering, in violation of 18 U.S.C. § 1512(b)(1), on or about April 15, 2020.  *See* Superseding Indictment (Doc. No. 42).  This case is set for jury trial on the Court's April 2021 docket.

In his Motion, Defendant argues for exclusion of video surveillance footage and related testimony regarding events inside and outside Mid-K Beauty Supply in Oklahoma

City, Oklahoma, on March 18, 2020.  The parties do not dispute what is depicted on the approximately six-minute silent video.

The first portion of the video is approximately two minutes long and shows an adult black male, a female companion (S.J.), and a second female shopping inside the store.[1] Approximately one minute into this video, a male customer approaches S.J., greets her, and then exchanges a hug with her.  The black male confronts this customer.  S.J. leaves the store.  After talking to the male customer for approximately 20 seconds, the black male retrieves a knife from his waistband and brandishes it while the customer walks away from him.  The black male continues to talk in the direction of the male customer for another 20 seconds before he exits the store.

The second portion of the video surveillance is approximately four minutes long and contains images of an outside parking lot.  The video shows S.J. leave the store and get inside the driver's side of a silver four-door sedan.  Approximately 55 seconds into this video, the black male exits the store and walks to the passenger side of the silver sedan while carrying the knife.  He opens the passenger door and S.J. then gets out of the car. The black male appears to be threatening S.J. with a knife.  S.J. gets back inside the car, and then the black male repeatedly punches the window.  S.J. exits the car.  The black male throws an object across the car at her.

---

[1] The Government refers to these individuals as Defendant, Defendant's girlfriend, and Defendant's girlfriend's friend, respectively.  Defendant concedes that S.J., who later identified Defendant as her boyfriend, appears in the video and is the person who was shot, but Defendant does not concede that he himself is the black male in the video.  *See* Def.'s Mot. at 2.

S.J. tosses keys at the black male.  He then begins rummaging around inside the car. S.J. jumps inside the rear door of a bystander's vehicle who was leaving the store.  The black male reaches inside the silver sedan, retrieves a pistol, and then begins firing several rounds at the bystander's vehicle as it drives away. The black male walks back to the silver sedan and drives away from the store in the other direction.  *See* Def.'s Mot. at 1-2; Gov't's Resp. at 6-9.

## II.    *Discussion*

Defendant seeks to exclude the surveillance video and any related testimony (collectively, the "Video") because: (1) it lacks relevance to the charged offenses; and (2) its admission is barred by Federal Rule of Evidence 404(b).  *See* Def.'s Mot. at 3-7.  The Government counters that the Video is probative and material and that it is "'admissible as res gestae—intrinsic evidence not subject to Federal Rule of Evidence 404(b)'" because "'it was inextricably intertwined with the charged crime such that a witness's testimony would [be] confusing and incomplete without mention of the prior act.'"  Gov't's Resp. at 9 (quoting *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010)).  The Government alternatively argues that the Video may properly be admitted under Rule 404(b).  *See id.* at 16-21.

### A.  *Relevance*

Pursuant to Federal Rule of Evidence 401:

Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.  "Rule 401 is a liberal standard," and '[e]xcept for certain well-defined instances, all relevant evidence is admissible." *United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006); *United States v. Mendoza-Salgado*, 964 F.2d 993, 1007 (10th Cir. 1992) (citing Fed. R. Evid. 402).

> Rule 401's definition of relevancy incorporates notions of both materiality and probativity.
>
> As for materiality, under Rule 401 a fact is "of consequence" when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. As for the degree of probative value required under Rule 401, the rule sets the bar very low.  The rule establishes that even a minimal degree of probability—i.e., "any tendency"—that the asserted fact exists is sufficient to find the proffered evidence relevant.

*United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998) (citations omitted).

Defendant contends that the Video is not sufficiently relevant because the actions of the black male inside the store, and the actions of the black male outside the store other than the shooting, do not tend to make Defendant's possession of a firearm or of ammunition more or less probable.  Defendant further notes that S.J. later stated that it was not Defendant depicted in the surveillance footage.  According to Defendant, absent another witness linking the activity on the Video to Defendant, "the video images are not of consequence in determining the crimes with which [Defendant] is charged."  Def.'s Mot. at 4.

The Court agrees with the Government that the Video is relevant to, at a minimum, the ammunition-possession charge raised against Defendant.  On Count 1, the Government

must prove that Defendant knowingly possessed ammunition, which is alleged to be the ammunition from the pistol used in the parking-lot shooting, on March 18, 2020.[2]  The Government asserts that other witnesses will identify Defendant as the aggressor inside the store who later fired the shots in the parking lot.  The footage from both inside and outside the store supplies a narrative of the events related to the shooting and thus provides a basis for making inferences about Defendant's knowing possession of that ammunition. *McVeigh*, 153 F.3d at 1190.  In addition, the Video has a tendency to make consequential facts more probable—e.g., Defendant's identity as the shooter in the parking lot.  Fed. R. Evid. 401(a).

The Court therefore overrules Defendant's objection that the Video lacks relevance under Rule 401 of the Federal Rules of Evidence.

### B.  *"Inextricably Intertwined"*

As referenced above, evidence of uncharged acts "is admissible as *res gestae*— intrinsic evidence not subject to Federal Rule of Evidence 404(b)—if it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act.'"  *Ford*, 613 F.3d at 1267 (internal quotation marks omitted).  "Evidence of other crimes should not be suppressed when those facts come in as *res gestae*—as part and parcel of the proof of the offense charged in the indictment." *Id.* (internal quotation marks omitted); *see also United States*

---

[2] On Count 2, the Government must prove that Defendant knowingly possessed a shotgun that was found on that same date in another location.  A knife that resembles the one seen on the surveillance footage was seized from the apartment where the shotgun was found.

*v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) ("[B]ackground or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.").

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense.

*Hardy*, 228 F.3d at 748.

Here, the Video presents evidence of acts inextricably intertwined with the charged offense in, at least, Count 1. As argued by the Government, allowing testimony and evidence as to only a shooting in the store parking lot, "without mention of the prior act[s]," would present an incomplete and confusing story to the jury. *Ford*, 613 F3.d at 1267 (internal quotation marks omitted). The Video, which allegedly portrays Defendant getting angry and retrieving a firearm immediately prior to the shooting, sets forth the "prelude" and "completes the story" as to whether Defendant knowingly possessed the relevant ammunition. *Hardy*, 228 F.3d at 748. Those surrounding acts are "part and parcel of the proof of the offense charged," and permitting the Video evidence to be presented is therefore appropriate to provide necessary context for the finder of fact. *Ford*, 613 F.3d at 1267 (internal quotation marks omitted); *see also United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir. 2011) ("We have never required that the other-act evidence establish an element of the charged offense. Rather, intrinsic evidence [not subject to Rule 404(b)] is that which is directly connected to the factual circumstances of the crime and provides contextual or background information to the jury." (internal quotation marks omitted)).

Because the Video may properly be considered as inextricably intertwined with a charged offense, it is not subject to Rule 404(b).  *See Ford*, 613 F.3d at 1267.

CONCLUSION

For the reasons outlined above, Defendant's Motion in Limine Regarding Video Surveillance Images (Doc. No. 112) is DENIED.

IT IS SO ORDERED this 26th day of April, 2021.

CHARLES B. GOODWIN
United States District Judge