UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-20-113-G ) |
| JIMMY LEE BROOKS, | ) ) |
| Defendant. | ) |

**ORDER**

Now before the Court is a Motion in Limine Regarding Evidence of Threats (Doc. No. 113) filed by Defendant Jimmy Lee Brooks. Plaintiff United States of America has responded (Doc. No. 144).

I.   *Defendant's Motion*

Defendant has been charged in a three-count Superseding Indictment with: (1) possession of ammunition despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about March 18, 2020; (2) possession of a firearm despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about March 18, 2020; and (3) witness tampering, in violation of 18 U.S.C. § 1512(b)(1), on or about April 15, 2020. *See* Superseding Indictment (Doc. No. 42). This case is set for jury trial on the Court's April 2021 docket.

The factual circumstances of this case have been thoroughly addressed in other orders of the Court. The Government alleges that during Defendant's argument with his girlfriend S.J. at Mid-K Beauty Supply, Defendant "threatened to kill [S.J.], her kids, and

her mother if [S.J.] did not get back into the car with [Defendant]." Gov't's Resp. at 2. When S.J. did not do so, Defendant "reached for his handgun—which contained the ammunition charged in Count 1—and shot at the vehicle [S.J.] had jumped into." *Id.*

The Government also alleges that later that same night, at D.S.'s apartment, Defendant "repeated his threats that he was going to shoot [S.J.] and [S.J.'s] family" and "would throw Molotov cocktails through [S.J.'s] house." *Id.* at 2-3. The Government argues that Defendant "presumably" was going to do so "using the shotgun he brought with him that night to [D.S.'s] apartment" and for which he is charged with possession in Count 2. *Id.* at 2.

## II.     Discussion

Defendant seeks to exclude any evidence, or any testimony elicited from S.J. and D.S., as to these alleged threats because they are evidence of other crimes, wrongs, or acts that do not meet the criteria for admission under Federal Rule of Evidence 404(b). The Government responds that the evidence of threats against S.J. and her family "is admissible as *res gestae*—intrinsic evidence not subject to Federal Rule of Evidence 404(b)." *United States v. Ford*, 613 F.3d 1263, 1267 (10th Cir. 2010). Such intrinsic (or "background") evidence is that which is "inextricably intertwined with the charged crime such that a witness's testimony would [be] confusing and incomplete" without its mention." *Id.* (internal quotation marks omitted).

> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense.

2

*United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000).

Here, the threats allegedly made by Defendant both to and about the shooting victim, both during and soon after the shooting, have a strong temporal connection to the possession offenses. *See id.* "An act is likely to be intrinsic to the charged crime if it occurs 'within the time frame of the' crime, and 'formed an integral and natural part of the witness' accounts of the circumstances surrounding the offense for which the defendant was indicted.'" *United States v. DeLeon*, No. CR-15-4268, 2020 WL 19269, at *65 (D.N.M. Jan. 1, 2020) (quoting *United States v. Johnson*, 42 F.3d 1312, 1316 (10th Cir. 1994)). Further, the threats "arise[] from same events as the charged offense" and are portrayed by the Government as "form[ing] an integral and natural part" of S.J.'s and D.S.'s testimony. *Hardy*, 228 F.3d at 748; *Johnson*, 42 F.3d at 1316 (internal quotation marks omitted); *see* Gov't's Resp. at 4 ("[T]he threats [Defendant made] to S.J. . . . explain why, after being shot, she fled to a hospital in Midwest City instead of a much closer one in Oklahoma City."); *id.* at 5 ("[D.S.] will testify that the seriousness of these threats was one way she learned that [Defendant] was not joking when he first said that he had shot [S.J.].").

The Court therefore overrules Defendant's objection. Because the evidence of threats against S.J. and her family may properly be considered as intrinsic to the conduct charged, the Court need not reach Defendant's remaining argument of inadmissibility under Federal Rule of Evidence 404(b). *See Ford*, 613 F.3d at 1267.

CONCLUSION

For the reasons outlined above, Defendant's Motion in Limine Regarding Evidence of Threats (Doc. No. 113) is DENIED.

IT IS SO ORDERED this 26th day of April, 2021.

CHARLES B. GOODWIN
United States District Judge