# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-20-113-G |
| ) | |
| JIMMY LEE BROOKS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is a Motion in Limine Regarding Prior Inconsistent Statements (Doc. No. 141) filed by Defendant Jimmy Lee Brooks. Plaintiff United States of America has responded (Doc. No. 149).

*I.     Defendant's Motion*

Defendant has been charged in a three-count Superseding Indictment with: (1) possession of ammunition despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about March 18, 2020; (2) possession of a firearm despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about March 18, 2020; and (3) witness tampering, in violation of 18 U.S.C. § 1512(b)(1), on or about April 15, 2020. *See* Superseding Indictment (Doc. No. 42). This case is set for jury trial on the Court's April 2021 docket.

The factual circumstances of this case have been thoroughly addressed in other orders of the Court. As alleged, Defendant's girlfriend S.J. was interviewed by Oklahoma City Police Department officer Aaron Richards after the shooting on March 18, 2020.

Officer Richards recorded the interview using his body camera. "On the video S.J. identified [Defendant] as her boyfriend and as the man who shot her as she left the area of Mid-K Beauty Supply[.]" Def.'s Mot. at 2. Defense counsel states that he has been advised that S.J. made similar statements to other law enforcement personnel. *Id.*

Defendant alleges that in October 2020, S.J. testified before a grand jury that Defendant was not with her at Mid-K Beauty Supply on March 18, 2020, and she did not know who had been with her and shot her. S.J. further stated to the grand jury that she was the one being interviewed in Officer Richards' body camera video but that she could not remember the events of that day because she had been under the influence of a substance. *See id.*

   II. Discussion

Defendant seeks to preclude the Government from introducing Officer Richards' body camera footage or similar evidence of S.J.'s statements that are inconsistent with her later grand jury testimony. According to Defendant, even if offered for a nonhearsay impeachment purpose, the footage is so "inflammatory" that the jury will be unable to distinguish between the proper use of the statements and the prohibited use of them as substantive evidence of Defendant's guilt. *See* Def.'s Mot. at 3. Defendant also argues that because S.J. admitted to making the prior statements during her grand jury testimony, introducing them as evidence at trial would be improper. *See id.* (citing *United States v. Soundingsides*, 825 F.2d 1468 (10th Cir. 1987)).

The Government represents that it intends to introduce this evidence only if S.J. denies making the prior statements to law enforcement. *See* Gov't's Resp. at 1; Fed. R.

Evid. 613(b) (prescribing that "[e]xtrinsic evidence of a witness's prior inconsistent statement is admissible . . . if the witness is given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it" or "if justice so requires"). This reasonably reflects a proper impeachment purpose, and the Court rejects Defendant's suggestion that with relevant limiting instructions the jury will not be able to properly consider the evidence.

Defendant's cited decision, *United States v. Soundingsides*, does not require a finding to the contrary. In that case, two witnesses each acknowledged during their trial testimony that they had made certain prior inconsistent statements. *See Soundingsides*, 825 F.2d at 1470-71; *see also United States v. Soundingsides*, 820 F.2d 1232, 1240-41 (10th Cir. 1987). Thus, the Tenth Circuit held that the district court erred in admitting the testimony of FBI agents likewise relating the inconsistent statements of two witnesses, given the witnesses' own admission on the stand. *See Soundingsides*, 825 F.2d at 1870 ("[S]ince the substance of the statements had already been repeated *before the jury and acknowledged*, the overkill of testimony by the Agents again repeating the statements, with its prejudicial risk of use as substantive evidence, was error." (emphasis added)). The fact that S.J. admitted to making the statements at one point in the past—in sealed testimony— does not prevent the Government from impeaching S.J. with those statements at trial, should her memory fail her again or her version of accounts change at trial.

Finally, Defendant argues that the statements are inadmissible under Federal Rule of Evidence 403 because the probative value of the statements is substantially outweighed by danger of unfair prejudice to Defendant. *See* Def.'s Mot. at 4-5; Fed. R. Evid. 403. The

3

Court disagrees that such impeachment evidence would be inadmissible on this basis. If S.J. denies making the prior statements on the stand, such evidence would be strongly probative of S.J.'s veracity, and any "unfair" prejudice would be tempered or negated by relevant jury instructions, as previously noted.

## CONCLUSION

For these reasons, Defendant's Motion in Limine Regarding Prior Inconsistent Statements (Doc. No. 141) is DENIED.

IT IS SO ORDERED this 26th day of April, 2021.

_____
CHARLES B. GOODWIN
United States District Judge